People v Campbell (2019 NY Slip Op 05992)





People v Campbell


2019 NY Slip Op 05992


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-02143
 (Ind. No. 1659/14)

[*1]The People of the State of New York, respondent,
v
Justin Campbell, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered February 17, 2016, convicting him of conspiracy in the second degree (two counts), criminal possession of stolen property in the fourth degree (two counts), unauthorized use of a vehicle in the third degree, and unlawful assembly, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant and four others, all alleged to be members of the S.N.O.W. Gang, were tried together in connection with an indictment charging them, inter alia, with conspiracy to murder two members of a rival gang. At the joint trial, no alleged coconspirators testified for the prosecution. Instead, the People, among other things, presented testimony from police officers involved in the investigation and introduced into evidence thousands of social media posts made by the defendants and numerous charged and uncharged coconspirators. The jury convicted the defendant of two counts of conspiracy in the second degree, two counts of criminal possession of stolen property in the fourth degree, one count of unauthorized use of a vehicle in the third degree, and one count of unlawful assembly.
During the trial, the Supreme Court declared Detective Adam Georg an expert "in the hierarchy, practices, [and] languages of the S.N.O.W. Gang and other gangs." Similarly, the court declared Lieutenant Robert Bracero an expert "in the history, hierarchy, practices and language of the S.N.O.W. Gang and rival gangs." Georg testified that his knowledge of the S.N.O.W. Gang was derived from, among other things, approximately 70 to 80 debriefings of S.N.O.W. Gang members, many of whom had been arrested and were in custody at the police station or in jail. Similarly, Bracero testified that he debriefed approximately 50 S.N.O.W. Gang members after their arrests.
On appeal, the defendant contends that the evidence as to the counts of conspiracy, criminal possession of stolen property, and unauthorized use of a vehicle was legally insufficient to establish his guilt, and that the verdict of guilty on those counts was against the weight of the evidence. Alternatively, the defendant contends that Georg's and Bracero's testimony violated [*2]Crawford v Washington (541 US 36) by permitting the introduction into evidence of out-of-court testimonial statements made by absent witnesses who were never subjected to cross examination (see U.S. v Mejia, 545 F3d 179, 198 [2d Cir]), and that Georg's testimony also ran afoul of the proscription against police experts acting as summation witnesses, in violation of People v Inoa (25 NY3d 466, 474-475).
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution, there was legally sufficient evidence to establish the defendant's guilt of conspiracy in the second degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, beyond a reasonable doubt (see People v Contes, 60 NY2d 620). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
However, for the reasons set forth in our decision and order on appeal by one of the codefendants (People v Jones, 166 AD3d 803), the testimony of Georg and Bracero violated Crawford and Inoa. Since the evidence of the defendant's guilt, without reference to the errors, was far from overwhelming, these errors were not harmless (see People v Crimmins, 36 NY2d 230, 241). Accordingly, a new trial is required.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court